(114 App. Div. 774)

### GILMAN v. DOLAN.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

CHAMPERTY AND MAINTENANCE—GRANT OF LANDS HELD ADVERSELY.

    By the express provisions of Laws 1896, p. 603, c. 547, § 225, a grant of real property is absolutely void if at the time of the delivery thereof such property is in the actual possession of a person claiming under a title adverse to that of the grantor.

    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Champerty and Maintenance, §§ 54, 55.]

Appeal from Westchester County Court.

Action by Byron Gilman against Lawrence Dolan. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Nathan P. Bushnell, for appellant.
Clinton F. Ferris, for respondent.

HIRSCHBERG, P. J. This is an action of ejectment, the dispute being as to the ownership of a portion of a lot known as No. 60, on a map entitled "Map of Henry Park Section," at Buchanan, in Westchester county. The title of both parties is derived from the same grantor, one David J. Tate. He deeded to the defendant on August 3, 1899, a number of lots, designating them in the deed by numbers and by particular description, as exclusive of lot No. 60, but running the metes, bounds, and measurements so as to include and take in that part of lot No. 60 which the plaintiff now claims. It is undisputed that the defendant immediately inclosed the property, including the part of lot No. 60 now in question, by the construction of a fence, and that he has ever since continued to occupy it under a claim of ownership founded upon the deed. There is evidence from which the jury would be entitled to conclude that this was done with the concurrence and consent of his grantor, and in conformity with the actual intention of the parties at the time of the execution of the conveyance. The defendant testified further that the plaintiff assisted him in making the measurements from the deed, and the plaintiff himself admitted that he knew of the defendant's act in fencing the land in at the time it occurred.

The plaintiff procured a deed from Tate on the 20th day of April, 1904. He claims that this deed includes that portion of lot No. 60 of which the defendant has possession, and it is to eject the latter from that portion of such lot that this action has been brought.

I think that section 225 of the real property law (chapter 547, p. 603, Laws 1896) is conclusive of this appeal. It provides that a grant of real property is absolutely void if at the time of the delivery thereof such property is in the actual possession of a person claiming under a title adverse to that of the grantor. But whether this be so or not, the case was submitted to the jury fairly, and their decision that the defendant in fact purchased all the land which he inclosed, being supported by sufficient evidence, should not be disturbed.

The judgment and order should be affirmed.

Judgment and order of the County Court of Westchester county affirmed, with costs. All concur.